**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATALIE VILLEGAS** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| | § | |
| **WALMART INC.** | § | |
| **DEFENDANT.** | § | **DEFENDANT DEMANDS A JURY** |

---

**DEFENDANT WALMART INC.'S**
**NOTICE OF REMOVAL**

---

WAL-MART STORES TEXAS, LLC, incorrectly named as Walmart, Inc. ("Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

## I.
## INTRODUCTION

1.      Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 434th Judicial District Court, where this matter was pending under Cause No. 22-DCV-296316, in a matter styled *Natalie Villegas vs. Walmart, Inc.* (the "State Court Action").

## II.
## RELEVANT FACTS

2.      Plaintiff, Natalie Villegas (hereinafter "Plaintiff"), claims she slipped and fell on a liquid substance allegedly located on the floor of a Walmart store in Richmond, Texas, on July 19, 2021. *See* Pl.'s Orig. Pet. (Ex. A) at ¶¶ 6-8. Plaintiff claims she sustained personal injuries as a result of the alleged slip-and-fall. *See id.* Plaintiff asserts a claim of negligence under a theory of premises liability. *See id.* at ¶¶ 9-10. Plaintiff also asserts a claim of negligent hiring, training,

supervision, and retention of Defendant's employees. *See id.* at ¶ 11. Plaintiff's lawsuit expressly

alleges she is seeking damages in a sum between $100,000 and $250,000.00. *See id.* at ¶ 3.

## III.
## TIMELINESS OF REMOVAL

3.      Plaintiff commenced this lawsuit by filing her Original Petition on August 22, 2022.

Defendant accepted service on December 8, 2022.

4.      Defendant now timely files this Notice of Removal within 30 days after it was

served with Plaintiff's lawsuit. 28 U.S.C. § 1446.

## IV.
## BASIS FOR REMOVAL JURISDICTION

5.      Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete

diversity of citizenship between the parties, and the amount in controversy exceeds $75,000,

exclusive of interest and costs.

6.      At the time of the filing of this Petition, Plaintiff was, and is still, a citizen of Texas.

*See* Pl.'s Orig. Pet. (Ex. A) at ¶ 4.

7.      Plaintiff sued Walmart, Inc. At the time Plaintiff filed her lawsuit and at the time

Defendant filed this Notice of Removal, Walmart Inc. was a corporation and was incorporated in

the State of Delaware under the laws of the State of Delaware. At the time Plaintiff filed her lawsuit

and at the time Defendant filed this Notice of Removal, Walmart Inc.'s principal place of business

was located in the State of Arkansas. Therefore, at all times relevant to this matter, Walmart Inc.

was a citizen of the States of Arkansas and Delaware.

8.      The proper defendant for this case is Wal-Mart Stores Texas, LLC. Defendant Wal-

Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited

Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is

the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d

1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

9.      Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S.378, 382-83 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*").  The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

10.     Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.

11.     Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC and Walmart, Inc. are citizens of Delaware and Arkansas.

12.     Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332.

13.     Plaintiff's lawsuit expressly alleges she is seeking damages in excess of $100,000.00. *See* Pl.'s Orig. Pet. (Ex. A) at ¶ 3. Thus, based on all information currently known

by or available to Defendant, Plaintiff's pleadings admit that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.
## THIS NOTICE IS PROCEDURALLY CORRECT

14.     Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because:  (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs as specifically plead in the Petition.

15.     Defendant is also filing with the Notice of Removal a completed Civil Cover Sheet and Supplement Civil Cover Sheet.

16.     Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration or otherwise, should Plaintiff challenge the allegations in a motion to remand or other filing.

17.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 434th Judicial District, where this matter was pending under Cause No. 22-DCV-296316, in a matter styled *Natalie Villegas vs. Walmart, Inc.*

18.     A jury trial has been demanded in the State Court Action by Defendant.

19.     Trial has not commenced in the 434th Judicial District Court.

## VI.
## CONCLUSION

20.     Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendant desires and is entitled to remove the lawsuit filed in the 434th Judicial

District Court, to the United States District Court for the Southern District of Texas, Houston Division.

WHEREFORE, Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, and removes this action from the 434th Judicial District Court.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com

ATTORNEY FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 6th day of January 2023.

Arden J. Morley
P. O. Box 22375
Houston, Texas 77227

*/s/ John A. Ramirez*
John A. Ramirez